V Cassar    Exhibit "B"

INTERNATIONAL UNION OF OPER-
ATING ENGINEERS, LOCAL 406

v.

BLOUNT BROTHERS CORPORATION.

Civ. A. No. 828645.

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Jan. 14, 1983.

Jerry L. Gardner, Jr., Barker, Bondreaux, Lamy, Gardner & Foley, New Orleans, La., for plaintiff.

Greg Guidry, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, La., for defendant.

RULING

SHAW, District Judge.

This matter comes before the Court on motion by defendant, Blount Brothers Corporation, for summary judgment. No oral argument is required.

Plaintiff, International Union of Operating Engineers, Local 406, brought suit under 29 U.S.C. § 185(a) to enforce the arbitration provision of a local collective bargaining agreement authorized under a National Agreement entered into between plaintiff and defendant. Defendant had refused to arbitrate a subcontracting dispute arising out of work being performed by defendant at the Lafayette Civic Center on the grounds that the collective bargaining agreement was unenforceable, as the union did not establish majority status at the jobsite.

After a careful review of the record the Court concludes that there are no facts in dispute and that defendant is entitled to summary judgment as a matter of law. The Court notes that arbitrability is a question of contract interpretation for the Courts absent contrary indication by the parties. *Piggly Wiggly Operator's House, Inc. v. Piggly Wiggly Operator's Warehouse Independent Truck Driver's Union Local No. 1,* 611 F.2d 580 (5th Cir.1980).

The National Agreement was entered into pursuant to 29 U.S.C. § 158(f) which authorizes an employer in the construction industry to negotiate and to reach a tentative agreement with a union before the union becomes the majority representative of its employees, otherwise known as a pre-hire contract. In order to enforce the pre-hire contract however, the Operating Engineers must establish its majority status at the jobsite, as Blount Brothers Corporation is unquestionably a project-by-project employer. Until the Union establishes majority status at the Lafayette Civic Center project, then, the National Agreement will remain voidable and unenforceable with respect to the jobsite. See, *NLRB v. Haberman Construction Co.,* 641 F.2d 351 (5th Cir.1981) at 360–368; *Dee Cee Floor Covering, Inc.,* 232 NLRB 421 (1977). It is uncontroverted that when the dispute arose the union was not the majority representative; no Operating Engineers had yet been hired.

Plaintiff's argument that the defendant lacks standing to raise the defense of non-enforceability of the pre-hire agreement is without merit. *Id., Baton Rouge Building & Construction v. E.C. Schafer Construction,* 657 F.2d 806 (5th Cir.1981).

Accordingly, the Motion for Summary Judgment is GRANTED.